```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT


------------------------------x
RICHARD S. MARKEY,            :
                              :
        Petitioner,           :
                              :
v.                            :    Crim. No. 3:99CR156(AWT)
                              :               3:01CR118(AWT)
UNITED STATES OF AMERICA,     :
                              :
        Respondent.           :
------------------------------x
```

### RULING ON MOTION TO VACATE OR SET
### ASIDE SENTENCE PURSUANT TO 28 U.S.C. § 2255

For the reasons set forth below, the petitioner's motion to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255 is being denied.

I.  **Factual and Procedural Background**

On February 8, 2000, a federal grand jury sitting in Connecticut returned an 22-count Second Superseding Indictment (the "Indictment") against Richard S. Markey (the "Petitioner") and Joseph Wayne Simpson, a.k.a. Karl Lea.  The Indictment charged both defendants with devising a fraudulent scheme to obtain money from potential investors.  After a jury trial, both defendants were found guilty on all counts.

The United States Probation Office prepared a Presentence Report recommending a number of enhancements to the Petitioner's base offense level, including enhancement for the amount of loss, more than minimal planning, use of mass

marketing to commit the offense, operation of a substantial part of the scheme in another jurisdiction, and role in the offense.  On April 6, 2001, the court sentenced the Petitioner within the applicable sentencing guidelines range, which had been calculated in part on those enhancements, to, <u>inter alia</u>, a term of 97 months of imprisonment.  On the day of sentencing, the court granted the Petitioner's motion to voluntarily surrender.

By summary order entered on July 7, 2003, the Court of Appeals for the Second Circuit affirmed the Petitioner's conviction and sentence.  <u>See</u> <u>United States v. Simpson</u>, 69 Fed. Appx. 492 (2d Cir. 2003) (unpublished).  The Petitioner did not file a petition for writ of certiorari, and his conviction became final 90 days thereafter, i.e., on October 5, 2003.

On May 2, 2001, the Petitioner failed to voluntarily surrender to serve the above-referenced sentence.  As a consequence, the Petitioner was indicted and, after a jury trial, he was convicted of failure to appear in violation of 18 U.S.C. § 3146.  On November 29, 2001, the court sentenced the Petitioner to a further term of 16 months of imprisonment, to run consecutively to his earlier sentence.  Judgment entered on December 3, 2001.  The Petitioner did not appeal from that judgment, and that conviction became final 10 days after entry, i.e., on December 13, 2001.

By pro se motion filed on January 18, 2005, the Petitioner moved for the court to correct his sentences pursuant to Fed. R. Civ. P. 60(b). Because the Petitioner erroneously invoked the authority of a civil rule to re-open his criminal judgment, the court issued a written notice to the Petitioner that, absent an objection being filed by April 1, 2005, the court would construe his motion as a request for collateral relief under 28 U.S.C. § 2255. The Petitioner failed to submit a response to the notice, and accordingly, the court construed the Petitioner's motion as a request for relief pursuant to § 2255.

**II. Discussion**

    **A.   The Petitioner's Blakely Claim**

The Petitioner makes a claim, based on Blakely v. Washington, 542 U.S. 296 (2004), that his sentence was based on a number of enhancements that were not charged and found by a jury beyond a reasonable doubt. He argues that the enhancements "were not offered to the jury for a finding of fact during trial." Attached Memorandum of Law (Doc. No. 299 in Case No. 3:99CR156, and Doc. No. 41 in Case No. 3:01CR118) ("Pet. Mem.") at 2). He cites the Supreme Court's decision in Blakely as well as United States v. Shamblin, 323 F. Supp. 2d 757 (S.D.W.Va. 2004) (granting defendant's motion under Fed. R.

Crim. P. 35(a) for reduction of sentence in wake of <u>Blakely</u>, on grounds that sentencing enhancement was not charged and found by jury beyond a reasonable doubt).

First, the Petitioner is foreclosed from pursuing this Sixth Amendment argument on collateral review, because the Second Circuit has held that such a claim rests on <u>United States v. Booker</u>, 543 U.S. 220 (2005), and also that <u>Booker</u> announced a new constitutional rule of criminal procedure that is not retroactively applicable on collateral review.  See <u>United States v. Guzman</u>, 404 F.3d 139 (2d Cir. 2005).

Second, the Petitioner's motion should be denied as untimely because it was filed outside the one-year limitations period established by § 2255.  As discussed above, the Petitioner's first conviction became final on October 5, 2003, and his second conviction became final on December 13, 2001. The instant motion was filed more than one year after those dates, and because there is no applicable exception, it is therefore time-barred.  See <u>Clay v. United States</u>, 537 U.S. 522, 527 (2003) (holding in part that an appealed criminal conviction becomes final when time to file petition for certiorari expires); <u>Moshier v. United States</u>, 402 F.3d 116, 118 (2d Cir. 2005) (holding that unappealed conviction becomes final for purposes of § 2255 limitations period when time for filing direct appeal has expired).

The Petitioner argues, for the first time in his reply to the government's opposition, that he received ineffective assistance of counsel during the direct appeal of his April 6, 2001 conviction.  However, the Petitioner is time-barred from bringing an ineffective assistance of counsel claim.  Section 2255 provides in pertinent part that the one-year period for filing such a claim shall run from the later of: "(1) the date on which the judgment of conviction becomes final" or "(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255.

With respect to clause (1), the Petitioner's claim is clearly barred under a plain reading of the statute.  The Petitioner's judgment of conviction became final on October 5, 2003, which was 90 days after the date his conviction was affirmed on appeal.  In Clay, the Supreme Court held that in the context of post-conviction relief, "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."  Clay, 537 U.S. at 522.  The Petitioner filed the instant motion on January 18, 2005, which was more than one year after the date by which both of his convictions had become final.

With respect to clause (4), the Petitioner's only factual contentions are that he instructed his appellate counsel to raise certain issues on appeal and that his appellate counsel refused to do so.  Thus, the only facts on which the Petitioner's argument is premised would have been obvious to the Petitioner no later than the time appellate counsel filed the appellate brief, and any claim based on his appellate counsel's refusal could and should have been raised by the Petitioner within the one-year period provided for by § 2255, which period obviously expired prior to one year after the date on which the Second Circuit affirmed the Petitioner's conviction and sentence.

### B. **Federal Rule of Civil Procedure 60(b)**

The Petitioner also argues that Fed. R. Civ. P. 60(b) should apply to his claim.  He contends that "[t]he defendant, under protest and duress was forced to allow the court to convert his Rule 60(b) motion into a 28 U.S.C. § 2255." Defendant's Response to Government's Show Cause Order (the "Defendant's Reply") (Doc. No. 324 in Case No. 3:99CR156) at 6.  However, the Petitioner never responded to the court's notice that absent objection the court would construe his motion as a request for collateral relief under 28 U.S.C. § 2255.  Thus, there is no factual basis for the assertion that the Petitioner has proceeded pursuant to § 2255 under protest and duress.

Moreover, the Petitioner's argument fails on the merits. The Second Circuit has held that while a Rule 60(b) motion may be used to "set aside a habeas denial" in limited circumstances, it "does not itself seek habeas relief," which is what the Petitioner here is attempting to do. Harris v. United States, 367 F.3d 74, 80 (2d Cir. 2004). Thus, the court properly construed the Petitioner's Rule 60(b) motion as a motion to vacate sentence under 28 U.S.C. § 2255. Also, even though the government commented, in its response to the Defendant's Reply, on the fact that the defendant had not sought to withdraw his motion, the defendant has taken no steps to withdraw his § 2255 motion. Accordingly, pursuant to Adams v. United States, 372 F.3d 132, 136 (2d Cir. 2004), the Petitioner's motion has properly been evaluated as a § 2255 motion.

### III. Conclusion

For the reasons set forth above, the Petitioner's motion pursuant to 28 U.S.C. § 2255 (Doc. No. 299 in Case No. 3:99CR156, and Doc. No. 41 in Case No. 3:01CR118) is hereby DENIED.

Because the Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2)(2006).

It is so ordered.

Dated this  17th  day of July 2006, at Hartford, Connecticut.

                                          /s/(AWT)
                                     Alvin W. Thompson
                                 United States District Judge